UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-66 |
| | § | |
| RICARDO GARCIA MEDINA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ricardo Garcia Medina's Motion for Compassionate Release (Doc. 3436). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Medina pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 160 months of imprisonment and three years of supervised release. Doc. 2979, J., 1–3. Medina, who is now thirty-six years old, is serving his sentence at North Lake Correctional Institute (CI). His scheduled release date is August 17, 2027.[1] As of November 16, 2020, North Lake CI has reported zero active and 107 recovered COVID-19

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

cases among inmates.²

On October 30, 2020, Medina filed a motion seeking both compassionate release under 18 U.S.C. § 3582 and a court-appointed attorney. Doc. 3436, Def.'s Mot., 1–2. The Court referred Medina's request for counsel to the magistrate judge, who thereafter denied Medina's request. Doc. 3439, Order, 1. Below, the Court addresses the remainder of Medina's motion—his request for compassionate release.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, the Court denies Medina's request for compassionate release because he has not provided proof of exhaustion and has not shown extraordinary and compelling reasons for

---

² The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

his release.

A.      *Medina Has Not Demonstrated Proof of Exhaustion.*

Medina's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement.

Based on the address listed on both CM/ECF and Medina's pending motion, it appears that Medina resided at Danbury Federal Correctional Institute (FCI) until recently.[3] *See* Doc. 3436, Def.'s Mot., 1. In his motion, Medina states "[i]n June of this year, [he] submitted a request for an administrative remedy . . . to the warden to appeal her decision to deny [him] a reduction in sentence . . . ." *Id.* According to Medina, as of September 4, 2020, he has received no response to such request. *Id.* To substantiate this assertion, Medina attaches to his motion an administrative-remedy receipt dated June 30, 2020, acknowledging the BOP's receipt of Medina's administrative-remedy request. *Id.* at 3. But to the extent this document establishes Medina indeed requested compassionate release from the warden, it only establishes he requested compassionate release from the warden of Danbury FCI. *See id.* (reflecting administrative-remedy receipt was issued by coordinator at Danbury FCI). Given that Medina now resides at North Lake CI, a request to the warden of Danbury FCI cannot satisfy the exhaustion requirement. Indeed, § 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request *by the warden of the defendant's facility*,

---

[3]It is Medina's responsibility to alert the Court of his address change in order to receive prompt notice of filings in his case. *See* N.D. Tex. L. Cr. R. 57.13 (requiring attorney to promptly notify clerk and presiding judge of change in address); N.D. Tex. L. Cr. R. 1.1(c) (defining attorney as including a party proceeding *pro se*).

whichever is earlier . . . ." § 3582(c)(1)(A) (emphasis added).[4] Medina supplies no proof that the warden of North Lake CI, his facility, has received a request from Medina for compassionate release, much less that thirty days have passed since such receipt.

Nor does Medina's motion establish that he otherwise completed the administrative appeals process. *See Gilbert v. Bergami*, 2020 WL 3978375, at *2 (W.D. Tex. July 14, 2020) ("If an inmate does not receive a response within the time allotted, he may consider the absence of a response a denial at that level and proceed to the next level [of the administrative-remedy process]." (citation omitted)). Thus, the Court **DENIES** his motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.

B.  *Medina Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Medina exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[5] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

---

[4] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); *see also United States v. Rivas*, — F. App'x —,2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Medina has not provided "extraordinary and compelling reasons" for release. See § 3582(c)(1)(A).

In support of his request for compassionate release, Medina explains that he is "severely overweight and suffer[s] from hyperthyroidism due to an overproduction of thyroxine." Doc. 3436, Def.'s Mot., 1. He further states that the conditions at his facility are "documented in" a District of Connecticut opinion and "mak[e] it impossible to practice social distanc[ing.]" *Id.*

As a preliminary matter, the Court notes that to the extent Medina raises concerns about the conditions at Danbury FCI, those concerns are moot given that Medina has since been transferred to North Lake CI. Nonetheless, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But North Lake CI's statistics—107 recovered cases and zero active cases of COVID-19—suggest the decline of an outbreak, if anything. Further, generalized concerns about the spread of COVID-19 at Medina's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the

propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Medina's individual circumstances, the Court notes that he has not supplied proof that he suffers from obesity and hyperthyroidism. In the absence of medical records establishing that he indeed suffers from the conditions he complains of, the Court declines to find extraordinary and compelling circumstances. *See, e.g.*, *United States v. Parker*, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (declining to find extraordinary and compelling circumstances on the basis of alleged medical conditions without substantiating medical records).

However, even if Medina had supplied evidence substantiating his alleged medical conditions, the Court would not be inclined to find that obesity and hyperthyroidism alone constitute extraordinary and compelling reasons for release. *See United States v. Wilfred*, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (collecting cases holding "obesity—alone or paired with hypertension"—is not extraordinary and compelling); *United States v. Brumfield*, 2020 WL 4747710, at *5 (E.D. La. Aug. 17, 2020) ("Furthermore, even assuming that Brumfield is obese, which increases his risk of severe illness if he contracts COVID-19, this one risk factor alone fails to establish that he is 'suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of [his] correctional facility.'" (alterations in original, footnotes and citations omitted)). Indeed, Medina is young, and he has not alleged he is receiving insufficient care in prison. Nor has he argued that his obesity and hyperthyroidism "substantially diminish[] [his] . . . ability . . . to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1.

C.   *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release is Not Warranted.*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the factors of § 3553. § 3582(c)(1)(A). Due to Medina's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Medina's case, the Court found 160 months of imprisonment appropriate to serve these goals. *See* Doc. 2979, J., 2. Given that Medina is scheduled to be released in August 2027, he still has roughly seven years remaining on his sentence. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. Thus, while the Court declines to foreclose compassionate release for Medina based on § 3553, the Court advises Medina that § 3553 could present an obstacle with respect to future compassionate-release requests.

## IV.

## CONCLUSION

Medina's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Medina's motion (Doc. 3436) **WITHOUT PREJUDICE**.

By denying Medina's motion without prejudice, the Court permits Medina to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion

requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release. Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Though the Court need not conduct that analysis today, it notes that § 3553 appears to favor a denial of compassionate release.

SO ORDERED.

SIGNED: November 16, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE